STEVENS *v.* FULLER. { MARCH 12, 1875. | 55 443 | 66 233

*Attorneys' writs—Practice.*

If a party employ a person, who has not been admitted to practise as an attorney, to prosecute or defend a suit in his behalf, such person, if his authority is questioned, must produce and file it with the clerk; and if not questioned, the court will ordinarily compel him to file his authority before he will be permitted to appear.

An action will not be dismissed on motion, because it appears that the writ was made by a person who is not an attorney of the court.

This action was entered in the circuit court for the southern district of this county at the November term, 1874. At the same term, the defendant's counsel filed a motion, supported by affidavit, to dismiss said action, for the reason that the writ was made and indorsed by George W. Silver as attorney; that said Silver is not an attorney of said court, nor of any court in this state, and is not a person authorized to use the processes of said court in said action.

The questions of law arising thereon were transferred to this court for determination.

*Dudley*, for the plaintiff.

*Crawford* (with whom were *Fletcher & Fletcher*), for the defendant.

SMITH, J. "A party in any proceeding may appear, plead, prosecute, or defend, in his proper person, or by any citizen of good character." Gen. Stats., ch. 199, sec. 1. It is difficult to conceive how language could in plainer terms authorize one to select such person as he may desire to prosecute or defend a suit in his behalf, provided the person selected is a citizen and of good character. Attorneys who have been admitted to practise as such are officers of the court, of whom the court will take judicial notice—*Heydock* v. *Duncan*, 43 N. H. 100—and generally will not require them to show their authority to appear; and if questioned, the declaration of the attorney that he has such authority will ordinarily be sufficient. *Bank* v. *Fellows*, 28 N. H. 302. If a party sees fit to go outside the profession to select his attorney, that is a matter which peculiarly concerns him, and is no more than what he has a legal right to do under the statute. Whether the step be a discreet one is for him exclusively to determine. But if the authority of the attorney in such cases is questioned, he must produce it and file it with the clerk; and if not questioned, the court, in its discretion, may call for it and order it to be filed.

It is objected that none but an attorney regularly admitted should be entrusted with a blank process for the purpose of commencing a

suit; but I cannot see by what authority the court can deny to a party, or to such person as he may select to act as his attorney, the process of the court to enable him to commence his suit. Such prohibition would practically nullify the provisions of the statute above cited, and would deprive one of the means of commencing or prosecuting his suit.

A rule which we have established upon the subject, at this term, will prevent any abuse of the process of the court.

LADD, J.   I think a writ bearing the *teste* of the chief justice, and authenticated by the seal and manual signature of the clerk, must be treated as legal process of the court from which it issues.

I am of opinion, however, that the clerks should be directed not to issue blank writs thus authenticated to persons who are not attorneys, except as required by the statute.   An abuse of legal process is an unmitigated evil at any time and under any circumstances : there may be times when such abuse would become an evil of serious and alarming magnitude.   If the process of the court be only entrusted to the parties entitled by law to its use, and to officers of the court who may at any time be called to a summary account for its abuse, there is little danger of substantial grievances arising from this cause.

I think the present motion must be denied, but that the clerks should not hereafter deliver blank writs with their signature and the seal of the court upon them to any but attorneys of the court and to parties and their regularly constituted attorneys, to be used by them in cases of their own.

CUSHING, C. J., concurred.

                                                        *Motion denied.*