GRAFTON.

---

KINNE *v.* HINMAN.

It is not a cause for quashing a writ, that the blank was filled by a person not authorized by the rules of court to use blank writs, the plaintiff being in no fault.

MOTION, to quash a writ on the ground that the blank was filled by a person not the plaintiff, not an attorney, not a citizen, not of good character, and not authorized by the rules of court to receive or use blank writs.

*Carpenter*, for the defendant.

*Page*, for the plaintiff.

DOE, C. J.   The filling of a writ by one who is not an attorney, is not cause for dismissing the action.   *Stevens* v. *Fuller*, 55 N. H. 443. An effort is made to prevent the abuse against which the practice of issuing blank writs needs to be guarded *(Eastman* v. *Morrison*, 46 N. H. 136, 137) by a rule of court prescribing to what persons the clerks shall not deliver blank writs ; for what actions blanks, delivered upon special receipts, may be filled ; and by whom attorneys may suffer blank writs to be used.   And this rule is enforcible, by proper proceedings, against those who violate it.   If it was violated in this case, it does not appear that the plaintiff was aware of its violation, or that he was in any fault : and the rule does not provide, either expressly or by implication, that it is to be enforced by a sacrifice of the rights of innocent parties.   While it is the duty of the court to take legal and reasonable precautions for keeping its process out of the hands of persons who would probably make a vexatious, oppressive, or dangerously unskilful use of it, a plaintiff is not punishable for

unwittingly employing such a person, or for the insufficiency of the precautions.

*Motion denied.*

STANLEY, J., did not sit.